


FILED

Oct 30 2025, 8:57 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

# I N T H E
# Court of Appeals of Indiana

### Adil Rafiq,
*Appellant-Defendant*

v.

### State of Indiana,
*Appellee-Plaintiff*

---

October 30, 2025

Court of Appeals Case No.
25A-CR-269

Appeal from the Marion Superior Court

The Honorable Jennifer Prinz Harrison, Judge

Trial Court Cause No.
49D20-2301-F1-1629

---

**Opinion by Judge May**
Judges Mathias and Bradford concur.

**May, Judge.**

[1] Adil Rafiq appeals his convictions of Level 1 felony child molesting[1] and Level 4 felony child molesting,[2] as well as his aggregate sentence of 25 years. Rafiq argues that his convictions violate double jeopardy and that his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] In January 2023, 12-year-old L.P. lived with her aunt, cousins, brother, and grandmother. Rafiq, who was her grandmother's 35-year-old boyfriend, also stayed in the house. One night after eating dinner, L.P. went to her grandmother's bedroom to lie down and watch television with her two-year-old cousin. L.P. fell asleep wearing jeans, underwear, and a t-shirt. When L.P. woke up, Rafiq was in the bed and she was facing him. Her pants and underwear were halfway to her knees. Rafiq had one hand underneath her shirt and was touching her left breast, and he was digitally penetrating L.P.'s vagina with his other hand. L.P. heard "hard breathing" coming from Rafiq. (Tr. Vol. II at 148.) L.P. was scared, but she pushed Rafiq away from her and ran to her brother's room. L.P. told her brother what Rafiq had done and then she told her aunt, who called the police.

[3] After police arrived, L.P. went to the police station for an interview and to Riley Hospital for a forensic examination. A nurse performed a sexual assault

---

[1] Ind. Code § 35-42-4-3(a).

[2] Ind. Code § 35-42-4-3(b).

examination, including collecting DNA samples from L.P.'s body. Police collected a swab of Rafiq's cheek to collect his DNA and also collected samples from underneath Rafiq's fingernails. DNA analysis confirmed Rafiq's DNA was on L.P.'s left breast. Male DNA was found on L.P.'s external and internal genitalia, but the amounts were insufficient to conduct a full DNA analysis. L.P.'s DNA was found on Rafiq's left hand and underneath the fingernails on Rafiq's right hand.

The State charged Rafiq with Level 1 felony child molesting and Level 4 felony child molesting.[3] A jury found Rafiq guilty of both crimes. On January 22, 2025, the trial court sentenced Rafiq to concurrent terms of 25 years for Level 1 felony child molesting and 4 years for Level 4 felony child molesting.

## Discussion and Decision

### 1. Double jeopardy

Rafiq argues that his convictions of both Level 1 felony child molesting and Level 4 felony child molesting violate Indiana's prohibition against double jeopardy. In *Wadle v. State*, our Indiana Supreme Court established a framework for analyzing substantive double jeopardy claims "when a defendant's single act or transaction implicates multiple criminal statutes[.]"

---

[3] The State also charged Rafiq with Level 6 felony battery of a person under 14 years old, Ind. Code § 35-42-2-1, but the State dismissed that charge prior to trial.

151 N.E.3d 227, 235 (Ind. 2020). Our review of such claims is de novo. *A.W. v. State*, 229 N.E.3d 1060, 1064 (Ind. 2024).

[6]     In the first step of the test, we look at the statutory language of the crimes at issue. *Wadle*, 151 N.E.3d at 248. "If the language of either statute clearly permits multiple punishment, either expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double jeopardy." *Id.* (footnote omitted). Here, neither Indiana Code section 35-42-4-3(a) nor section 35-42-4-3(b) clearly permits multiple punishments for multiple acts of molestation against the same victim in a single encounter. *See Carranza v. State*, 184 N.E.3d 712, 716 (Ind. Ct. App. 2022) (holding neither subsection (a) nor subsection (b) of Indiana Code section 35-42-4-3 clearly permitted multiple punishments). We therefore proceed to step two.

[7]     In the second step of the analysis, we "'apply our included-offense statutes to determine **statutory intent**.'" *A.W.*, 229 N.E.3d at 1066 (quoting *Wadle*, 151 N.E.3d at 248) (emphasis added in *A.W.*). Trial courts may not enter convictions of "both an offense and an 'included offense.'" *Wadle*, 151 N.E.3d at 248 (citing Ind. Code § 35-38-1-6). An "included offense" is a crime that:

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
>
> (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

> (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Ind. Code § 35-31.5-2-168. "'If neither offense is an included offense of the other (either inherently or as charged), there is no violation of double jeopardy' and the analysis ends – full stop." *A.W.*, 229 N.E.3d at 1067 (quoting *Wadle*, 151 N.E.3d at 248). As we undertake the "as charged" portion of the analysis, we consider "only the facts as presented on the face of the charging instrument." *Id.* (emphasis removed).

[8] Herein, Rafiq was charged with Level 1 felony child molesting and Level 4 felony child molesting, which are not inherently included in one another based on the statutory definitions. *Compare* Ind. Code § 35-42-4-3(a) (requiring "sexual intercourse or other sexual conduct[,]" but not "fondling or touching" or "intent to arouse or to satisfy the sexual desires") *with* Ind. Code § 35-42-4-3(b) (requiring "fondling or touching" and "intent to arouse or to satisfy the sexual desires[,]" but not "sexual intercourse or other sexual conduct"). As for the "as charged" analysis, the charging information for Rafiq's Level 1 felony alleged:

> On or about January 14, 2023, ADIL RAFIQ, a person of at least twenty-one (21) years of age, did knowingly perform other

sexual conduct as defined in Indiana Code Section 35-31.5-2-221.5[4] with L.P., a child under the age of fourteen years (14).

(App. Vol. II at 20) (footnote added). Then, for his Level 4 felony, the information alleged:

> On or about January 14, 2023, ADIL RAFIQ did perform fondling or touching with L.P., a child under the age of fourteen years, with the intent to arouse or satisfy the sexual desires of Adil Rafiq or L.P.

(*Id*.) The State chose to not include factual allegations about the specific conduct that constituted "other sexual conduct" or "fondling or touching." Because the means used to commit "other sexual conduct" might also establish molestation by "touching or fondling," we apply a presumption in the defendant's favor and find a double jeopardy violation that the State may rebut in Step 3. *See A.W.*, 229 N.E.3d at 1069 (establishing presumption in defendant's favor when charging information is ambiguous). We therefore proceed to Step 3.

[9] At Step 3, we "'examine the **facts underlying those offenses**, as presented in the charging instrument and as adduced at trial . . . to determine whether a defendant's actions were 'so compressed in terms of time, place, singleness of

---

[4] "Other sexual conduct" is defined as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-31.5-2-221.5.

purpose, and continuity of action as to constitute a single transaction.'" *Id*. at 1071 (quoting *Wadle*, 151 N.E.3d at 249).

> If the underlying facts reveal the two offenses are indeed "separate," there is no *Wadle* violation, "even if one offense is, by definition, 'included' in the other." That said, if the "facts show only a single continuous crime, and one statutory offense is included in the other, then the prosecutor may charge these offenses only as alternative (rather than as cumulative) sanctions."

*Id*. (internal citations removed).

[10] Rafiq claims the State failed to prove his actions were separate offenses because he simultaneously used both hands to molest L.P. for approximately five seconds. We cannot agree that there was only one offense. While Rafiq's two forms of touching were simultaneous, Rafiq committed two distinct types of child molesting: one by digitally penetrating L.P.'s vagina, which constituted "other sexual conduct" for the Level 1 felony; and the other by rubbing her breast, which was the "touching or fondling" required for the Level 4 felony. Each act was directed at a completely different body part and constituted a distinct violation of the child molesting statute, pursuant to definitions that were not included in one another, and we accordingly hold Rafiq's convictions of both Level 1 felony and Level 4 felony child molesting do not constitute double jeopardy as defined in *Wadle* and *A.W*. *See*, *e.g.*, *Sorgdrager v. State*, 208 N.E.3d 646, (Ind. Ct. App. 2023) (holding conviction of Level 1 and Level 4 felony child molesting was not double jeopardy), *trans. denied*.

## 2. Sentence Inappropriateness

[11] Rafiq next argues his aggregate 25-year sentence is inappropriate under Indiana Appellate Rule 7(B). Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because sentencing is a function of the trial court, its judgment should receive "'considerable deference.'" *Oberhansley v. State*, 208 N.E.3d 1261, 1267 (Ind. 2023) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). This deference can only be "'overcome by compelling evidence portraying in a positive light the nature of the offense' and 'the defendant's character.'" *Lane v. State*, 232 N.E.3d 119, 122 (Ind. 2024) (quoting *Oberhansley*, 208 N.E.3d at 1267). Appellate review of a sentence is "to leaven the outliers . . . but not to achieve the perceived 'correct' result in each case." *Nicholson v. State*, 221 N.E.3d 680, 684 (Ind. Ct. App. 2023) (quoting *Cardwell*, 895 N.E.2d at 1225), *trans. denied*. The burden of proving a sentence is inappropriate falls to the defendant. *Littlefield v. State*, 215 N.E.3d 1081, 1089 (Ind. Ct. App. 2023), *trans. denied*.

[12] Our review is "holistic" and takes into consideration "the whole picture before us." *Lane*, 232 N.E.3d at 127. Appellants need not prove their sentence is inappropriate for both their character and offense, but "to the extent the evidence on one prong militates against relief, a claim based on the other prong must be all the stronger to justify relief." *Id.* Our determination "turns on our sense of the culpability of the defendant, the severity of the crime, the damage

done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. "Our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record." *George v. State*, 141 N.E.3d 68, 73 (Ind. Ct. App. 2020) (internal citations omitted), *trans. denied*.

[13] Rafiq was convicted of two crimes – a Level 1 felony with a minimum sentence of 20 years, an advisory sentence of 30 years, and a maximum sentence of 40 years, Ind. Code § 35-50-2-4(b), and a Level 4 felony with a minimum sentence of two years, an advisory sentence of 6 years, and a maximum sentence of 12 years, Ind. Code § 35-50-2-5.5. The trial court imposed 25 years for the Level 1 felony and 4 years for the Level 4 felony, both of which are between the minimum and the advisory, and the trial court ordered the sentences served concurrently. Our legislature selected the advisory sentence as the 'starting point' for sentencing. *Kincaid v. State*, 171 N.E.3d 1036, 1042 (Ind. Ct. App. 2021), *trans. denied*. "A defendant who receives an advisory sentence has a particularly heavy burden to prove it inappropriate under Appellate Rule 7(B)." *Id*. It follows, then, that Rafiq, whose sentence is below the advisory, should have an even harder time demonstrating his sentence is inappropriate.

[14] The nature of Rafiq's offenses does not demonstrate that his sentence is inappropriate. While L.P. was asleep, Rafiq partially removed her clothing and began molesting her, and he only stopped molesting her because L.P. woke up

and pushed him away from her. Rafiq claims his sentence is too long because his crimes were "brief and simultaneous[.]" (Br. of Appellant at 13.) However, we do not know how long he molested L.P. because she was asleep when he began molesting her. Had she not awakened, Rafiq's crimes probably would have continued and they may have gone undetected. Although his two crimes may have been simultaneous, the fact remains that Rafiq committed two different forms of child molesting, by fondling L.P.'s breast and digitally penetrating her vagina, and the trial court appears to have accounted for the simultaneity by ordering the sentences served concurrently. Moreover, as the trial court found, Rafiq committed his offense in the presence of a two-year-old child. Given all this, we cannot say a sentence mid-way between the minimum and advisory is inappropriate for Rafiq's crimes.

[15] Nor has Rafiq demonstrated his sentence is inappropriate for his character. To obtain relief under Appellate Rule 7(B) based on one's character, a defendant must show "substantial virtuous traits or persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The trial court found as mitigators related to Rafiq's character that Rafiq had "no history of delinquency or criminal activity" and that "incarceration [would] result in a hardship to [his] dependents." (Tr. Vol. III at 241.) These mitigators are presumably why the trial court imposed a sentence less than the advisory, and we do not see them as justifying a further reduction of his sentence. We also note that Rafiq lived with the woman he was dating, her daughter, and four of her grandchildren, and his crimes against L.P. violated the trust that entire

family had placed in him by allowing him into their home. While the record indicates Rafiq has dependents who depend on him financially, Rafiq has not seen his own children – who were only one year younger than L.P. – since 2013. Rafiq has not directed us to such "substantial virtuous traits or persistent examples of good character" that we find his twenty-five-year sentence inappropriate for his character.

## Conclusion

[16] Rafiq's convictions of Level 1 felony child molesting and Level 4 felony child molesting did not subject Rafiq to double jeopardy, and his 25-year sentence is not inappropriate in light of the nature of his offenses and his character. We accordingly affirm.

[17] Affirmed.

Mathias, J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

Josiah Swinney
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana